

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. AP-75,847, AP-75,848, AP-75,849

### EX PARTE EDWARD PETER NEWPORT, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W00-29456-T(A), W00-29454-T(A), AND W00-29440-T(A)
### IN THE 283RD DISTRICT COURT OF DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and aggravated sexual assault and sentenced to 20 years' and 99 years' imprisonment. The convictions were affirmed on direct appeal after appellate counsel did not file appellate briefs. *Newport v. State,* Nos. 05-01-01183-CR, 05-01-01184-CR, 05-01-01185-CR (Tex. App. – Dallas, September 24, 2002, no pet.).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel

failed to file appellate briefs. We remanded these applications to the trial court in order to provide appellate counsel an opportunity to respond to Applicant's contention in the context of habeas corpus review.

The trial court has entered findings that appellate counsel was ineffective and that Applicant is entitled to out-of-time appeals. *Strickland v. Washington*, 466 U.S. 608 (1984); *Ex parte Lemke*, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). These findings are supported by the record. We find, therefore, that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in Cause Nos. W00-29456-T, W00-29454-T, and W00-29440-T from the 283rd Judicial District Court of Dallas County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file a written notices of appeal in the trial court within 30 days after the mandate of this Court issues. All other claims are dismissed. *See Ex parte Torres,* 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: February 13, 2008
Do Not Publish